IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ISAMAR LOVO, INDIVIDUALLY, § <br> AND AS NEXT FRIEND OF G.L., § <br> MINOR, § <br>   *Plaintiff*, § <br> § <br> V. § <br> § <br> WALMART, INC. D/B/A SAM'S § <br> WHOLESALE CLUB, SAM'S CLUB § <br> #8250, SAM'S WEST, INC. D/B/A § <br> SAM'S CLUB, SAM'S REAL § <br> ESTATE BUSINESS TRUST, AND § <br> COCA COLA SOUTHWEST § <br> BEVERAGE, L.L.C. <br>   *Defendants*. | CASE NO. _____ <br> (JURY REQUESTED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

**NOW COMES** Isamar Lovo, Individually, and as Next Friend of G.L., Minor, hereinafter referred to as "PLAINTIFFS", and files this Plaintiffs' Original Complaint complaining of and about Walmart, Inc. D/B/A Sam's Wholesale Club, Sam's Club #8250, Sam's West, Inc. D/B/A Sam's Club, Sam's West, Inc. D/B/A Sam's Club, Sam's Real Estate Business Trust, and Coca Cola Southwest Beverage, L.L.C., and hereinafter sometimes referred to as "DEFENDANTS", "SAMS", or "COCA-COLA", and for cause of action shows unto the Court the following:

## I.
## PARTIES AND SERVICE

1. Plaintiffs Isamar Lovo individually, and a/n/f of GL are residents of Hidalgo County, Texas.

2. Defendant, WALMART, INC. DBA SAM'S WHOLESALE CLUB, is a foreign for-profit corporation doing business in Texas. This Defendant may be served with due

process herein by serving its registered agent for service, C T Corporation System, at 1999 Bryan St., STE 900, Dallas, Texas 75201-3136. Plaintiff requests service by private process server.

3.  Defendant, SAM'S CLUB #8250, located at or near 1600 E. Jackson Ave., McAllen, Texas 78503 in Hidalgo County, Texas. This Defendant is doing business in the State of Texas and is being sued under their common or assumed name, and may be served with process through their General Manager, Louis Pack and/or manager on duty at 1600 E. Jackson, Ave., McAllen, Texas, Plaintiff requests service by private process server.

4.  Defendant, SAM'S WEST, INC. D/B/A SAM'S CLUB, is a for-profit corporation authorized to do and is doing business in the State of Texas. It can be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

5.  Defendant, SAM'S REAL ESTATE BUSINESS TRUST, is a for-profit corporation authorized to do and is doing business in the State of Texas. It can be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

6.  Defendant, COCA-COLA SOUTHWEST BEVERAGES, L.L.C., is a foreign for-profit corporation doing business in Texas. This Defendant may be served with due process herein by serving its registered agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Plaintiff requests service by private process server.

### III.
### VENUE AND JURISDICTION

7.  The court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because the suit is between a citizen of the State of Texas and a corporate entity domiciled in the State of Alabama and the amount in controversy exceeds $75,000.00, excluding

interest and costs.

8. This court has jurisdiction over Defendant SAMS AND COCA-COLA because said Defendant purposefully availed themselves of the privilege of conducting activities within the State of Texas, and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over SAMS AND COCA-COLA will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Furthermore, Plaintiff would show that Defendants SAMS AND COCA-COLA were engaged in activities constituting business in the State of Texas, in that said Defendants committed a tort in whole or in part in Texas.

10. Venue is proper in this district under 28 U.S.C. §1391(a) (2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The incident giving rise to this lawsuit occurred in Pharr, Hidalgo County, Texas, which is within the geographical confines of the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas.

**IV.**
**INTRODUCTION & BASIS FOR RELIEF REQUESTED**

11. SAM'S was the owner and operator of the McAllen Sam's Club No. 8250 business located at 1400 E. Jackson Ave., McAllen, Texas 78503, when the incident at issue in this lawsuit occurred.

12. On March 25, 2021, Plaintiffs were invitees of Sam's #8250. Approximately at 5 p.m., Plaintiffs were at the Sam's Food Court and walked over to the Self-Serve Coca-Cola soda dispenser. As minor plaintiff was attempting to get his drink, all of the sudden the top lid cover of the Coca-Cola soda dispenser fell and struck minor plaintiff on his head and right eye causing the minor to fall to the ground. Due to the lid of the soda dispenser striking the Minor Plaintiff in the area of his head and eye he was

caused to lose consciousness when he fell to the cement floor and caused the Minor Plaintiff to suffer significant injuries, including ocular nerve damage and a traumatic brain injury.

13. It is clear that Defendants SAM'S and COCA-COLA personnel knew, or should have known in the exercise of reasonable care, of the defective condition of the Self-Serve Coca-Cola soda dispenser and the possibility that a customer, as a result of the top lid cover of the soda dispenser not being properly maintained and/or secured to the top of the dispenser, that same would become disengaged and fall causing injury to its invitees who would be using the Coca-Cola Branded self-service soda dispenser on the premises. This created an unsafe and unreasonably dangerous condition, which required Defendants' SAM'S and COCA-COLA to make the condition safe and/or to provide a warning to its customers. Defendants SAM'S and COCA-COLA neither made the condition safe, nor did they provide any warning to its customers of the dangerous condition. The failure to make the condition safe and provide a warning constituted negligence on the part of Defendants SAM'S and COCA-COLA. At the time of the design, manufacture and distribution to the public of the subject Self-Serve Coca-Cola Soda Dispenser, there existed a safer alternative design – specifically the top [cover port for filling the dispenser with ice] should have been designed with a slide guide that would prevent disengagement of the ice port cover after being filled with ice by SAM's employees.

14. Defendants' acts and omissions as set forth herein proximately caused the occurrence and injuries complained of and as set forth herein.

### V.
### COUNT 1 - <u>PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST SAM'S</u>

15. Both prior to and on the occasion in question, SAM'S, by and through its officers, employees, agents and representatives, committed acts of omission and

commission, which collectively and severally, constitute negligence. Said acts include, but are not limited to, the following:

a) SAM'S failed to make their soda dispenser safe in a manner that would be reasonably and safely accessible to its customers in its self-service food court environment. SAM'S further failed to properly train and supervise its employees in the filing of the ice port and to secure the ice port cover of the Coca-Cola soda dispenser after servicing same the in a manner that would be reasonably and safely accessible by a customer from ground level. When Minor attempted to access the soda dispenser it was not reasonably and safely accessible to customers, creating a significant risk of a customer potentially being injured by the Coca-Cola soda dispenser in this matter;

b) SAM'S failed to have proper safeguards in place to secure the Coca-Cola soda dispenser ice port cover from falling off and injuring their customers. Sam's failed to use properly placed and/or an adequate number of safety restraining systems, i.e. clips, and/or straps in order to adequately secure the top lid cover in place to prevent the lid from falling from the top of the Coca-Cola soda dispenser onto its customers which created an unreasonable risk of harm to invitees of the store;

c) SAM'S failed to take adequate safety measures to minimize the risk of harm to customers, thereby creating an unreasonable risk of harm for its customers;

d) SAM'S failed to properly secure the top lid cover of the soda dispenser and secure it, pursuant to proper safety standards, in which customers were expected to utilize the Coca-Cola soda dispenser, without assistance;

e) SAM'S negligence in creating a dangerous condition and unreasonable risk of harm to its customers by not making the Coca-Cola soda dispenser safe within their premises in an unsecured area proximately causing the subject incident, Minor Plaintiff's personal injuries and bystander injuries to Plaintiff;

f) Failing to follow SAM'S safety procedures and protocols when store customers are attempting to use their food court equipment specifically the subject Coca Cola soda dispenser;

g) Failing to maintain an employee, agent or representative of SAM'S within close proximity of the food court area in order to assist customers, specifically minor children, with utilizing the Coca-Cola soda dispenser at the SAM'S food court;

h) Failing to post warning signs and/or other postings warning against the possibility of falling objects, specifically the top lid ice port cover of the soda dispenser;

i) Failing to guard, warn, cure the premises of the dangerous condition in the food court where the incident occurred;

j) Failing to provide a safe environment where the Coca-Cola soda dispenser was located;

k) Failing to adopt, implement and/or enforce adequate safety procedures in order to prevent the subject incident to occur within Defendant's premises by inspection and securing the Self-Serve Ice Portal Cover after each filling of ice by a SAM's employee assigned the task;

l) Failing to provide adequate safety training to its employees;

m) Failing to adequately inspect and/or monitor the locations of premises so as to discover, avoid unsafe and unreasonably dangerous/hazardous conditions;

n) Failing to take all reasonable precautions to remediate known hazards which posed an unreasonable risk of harm for all invitees and patrons at the Defendant's premises; and

o) Failing to strictly enforce SAM'S safety policies, and only strictly enforcing policies concerning SAM'S direct pecuniary interest.

16. At the time that this incident occurred, Plaintiffs were business invitees legally authorized to be present on SAM'S premises; and as such, SAM'S owed the Plaintiffs a duty of ordinary care. SAM'S failed to warn Plaintiffs of the dangerous condition that it knew existed, or in the exercise of reasonable care should have known existed. The hazard located on the Defendant's premises was a condition that created and posed an unreasonable risk of harm. Defendants SAM'S failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe. Furthermore, based upon information and believe, SAM's is liable to Plaintiffs as a nonmanufacturing seller of the subject product pursuant to §82.003(2) of the Texas Civil Practices & Remedies Code in that SAM's altered or modified the product and Plaintiffs' harm resulted from the alteration/modification when SAM's removed any or all hinges, slides or components, if any, from the ice port cover which were designed to secure the ice port cover to the subject Self-Serve Coca-Cola Drink Dispenser.

17. Defendants SAM'S negligence was a producing and proximate cause of the injuries and damages sustained by Plaintiffs.

## VI.
## COUNT 2 - <u>PREMISES LIABILITY</u>

18. Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth herein verbatim and allege the following; to wit:

19. Defendant SAM'S, its representatives, employees, servants and/or agents had the legal right to control the premises at the Defendant's property and did, in fact, control the subject premises at all times relevant to this lawsuit.

20. Plaintiffs were business invitees on the occasion in question; the representatives, employees, servants and/or agents of Defendants SAM'S owed them a duty to exercise ordinary care to adequately warn Plaintiffs of the unreasonably dangerous conditions and to keep the premises in a reasonably safe condition. Defendants SAM'S representatives, employees, servants and/or agents failed to inspect the premises to discover latent defects, and to make safe the defects or give adequate warning of the known defect which posed an unreasonable risk of harm.

21. The Coca-Cola soda dispenser located within SAM'S store was not properly maintained, and said condition of the ice port cover of the Coca-Cola soda dispenser caused to disengage from the top of the Drink dispenser striking minor plaintiff causing severe personal injury. SAM'S representatives, employees, servants and/or agents had a duty to use reasonable care to protect an invitee from reasonably foreseeable injuries. Defendant's conduct constitutes negligence and a breach of duty to exercise that degree of care that would be used by a reasonably prudent owner or occupier of commercial premises under the same or similar circumstances.

22. Further, SAM'S representatives, employees, servants and/or agents failed to use ordinary care to reduce or eliminate the unreasonable risk of harm created by the Coca-Cola soda dispenser located within the SAM'S food court area; SAM'S created a hazardous and dangerous condition within its premises, which Defendants SAM'S

representatives, employees, servants and/or agents knew or in the exercise of ordinary care should have known existed.

23. As a direct proximate and producing cause of the acts, conduct and omissions by SAM'S representatives, employees, servants and/or agents, SAM'S created a dangerous condition on the premises that posed an unreasonable risk of harm. SAM'S representatives, employees, servants and/or agents had actual knowledge of the danger of failing to properly maintain the subject Coca-Cola soda dispenser, yet failed to exercise ordinary care to do so and to warn or protect Plaintiffs from harm. SAM'S representatives, employees, servants and/or agents breached their legal duty to Plaintiffs by failing to adequately warn them of the inadequate condition of the dispenser or make the condition reasonably safe. Defendant SAM'S representatives, employees, servants and/or agents' negligence was a producing and proximate cause of the occurrence in question and Plaintiffs' injuries and damages.

**VII.**

**COUNT 3 – <u>PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST COCA-COLA</u>**

24. Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth herein verbatim and allege the following; to wit:

25. Both prior to and on the occasion in question, COCA-COLA, by and through its officers, employees, agents and representatives, committed acts of omission and commission, which collectively and severally, constitute negligence. Said acts include, but are not limited to, the following:

   a) In that COCA-COLA's employees failed to properly maintain the subject soda dispenser;

   b) In that COCA-COLA's employees failed to secure the ice bin port cover to the drink dispenser;

   c) In that COCA-COLA failed to properly train SAM'S employee's to properly maintain the subject soda dispenser and secure the ice bin top cover to the machine after filling the ice port with ice.

26. At the time that this incident occurred, Defendant COCA-COLA owed the Plaintiff a duty of ordinary care, to properly maintain the subject drink dispenser during normal scheduled maintenance and adequately train SAM's management and/or employees in the proper protocol to be utilized when an employee would be filling the ice bin of the subject drink dispenser by securing the ice bin port cover to the drink dispenser to prevent it falling off and harming customers of SAMS.   COCA-COLA failed to warn Plaintiffs of the dangerous condition that it knew existed, or in the exercise of reasonable care should have known existed by placing a warning sign on the the subject drink dispenser. The hazard, specifically soda dispenser, located in SAM'S premises was left in poor condition, which created a hazardous condition that posed an unreasonable risk of harm to the public. Defendants COCA-COLA failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

27. Defendants COCA-COLA negligence was a producing and proximate cause of the injuries and damages sustained by Plaintiff.

**VIII.**

**COUNT 4 - <u>PLAINTIFFS' CLAIM OF STRCI LIABILTY AGAINST COCA_COLA AND BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY AGAINST DEFENDANT COCA-COLA AND SAMS</u>**

28 Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth herein verbatim and allege the following; to wit:

29. Plaintiff would show that the subject COCA-COLA Self-Serve Drink Dispenser and component part ice port cover lid was defectively designed and/or manufactured, and that this defective design and manufacture, despite reasonably safer alternative designs which would have prevented or significantly reduced the Plaintiffs' injuries which was both economically and technologically feasible, at the time the subject

product was placed into the stream of commerce in an unreasonably dangerous condition. §82.005 (a)(1) and §82.005 (b)(1)(2) of the Texas Civil Practices and Remedies Code. The subject COCA-COLA Self-Serve Drink Dispenser's defective design was a proximate and producing cause of Plaintiffs' injuries and damages which is being brought pursuant to §82.005 (a) (2) of the Texas Civil Practices and Remedies Code.

30. Coca-Cola and SAMS breached the impliedly warrant of merchantability because the Coca-Cola Branded Self-Serve Drink Dispenser is unfit for the ordinary purposes for which [it is] used because of a lack of something necessary for adequacy." Tex. Bus. & Comm. Code § 2.314. The subject drink dispenser lacked the component part to secure the subject Coca-Cola Branded Self-Serve Drink Dispenser's ice port cover lid to the dispenser after ice filling to prevent it from falling onto customers using the drink dispenser, and this defect created an unreasonably dangerous condition where a safer alternative design was available. Said breach of the implied warranty of merchantability was a producing and proximate cause pf Plaintiffs' injuries and damages sustained herein. Coca-Cola placed the Coca -Cola Self-Serve Drink Dispenser into the stream of commerce by providing same to SAMS for use by consumers/invitees of SAMS, in a defective condition warranting that the subject Coca-Cola Self-Serve Drink Dispenser and top cover would be safe for its ordinary purpose.

31. COCA-COLA was negligent in the design and/or manufacture of the subject Coca -Cola Self-Serve Drink Dispenser and such negligence was a producing and proximate cause of the injuries and damages sustained by Plaintiffs.

32. Plaintiffs further assert that Defendant COCA-COLA knew and subsequently adopted a "safer alternative design" that would have prevented or significantly reduced the risk of the occurrence/injury in question without substantially impairing the utility of the good or product; and that the "safer alternative design" was economically and technologically feasible at the time the good/product left the control of

Defendant by the application of existing or reasonably achievable scientific knowledge.

## IX.
## DAMAGES

33. As a direct, producing and proximate cause of Defendants SAM'S and COCA-COLA's negligent actions and negligent activities, Minor Plaintiff G.L. was caused to suffer severe personal injuries and damages. Further, as a result of the acts and omissions of Defendants SAM'S and COCA-COLA's representatives, employees, servants and/or agents, minor Plaintiff suffered the following injuries and damages.

   a) The physical pain and suffering incurred by Minor Plaintiff in the past, as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

   b) The mental anguish suffered by Minor Plaintiff as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

   c) The physical impairment suffered by Minor Plaintiff, which has occurred as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

   d) The amount of reasonable medical expenses necessarily incurred in the treatment of Minor Plaintiff's injuries which Minor Plaintiff has incurred up to the time of trial and in the future;

   e) The reasonable medical expenses and life care needs of Minor Plaintiff necessary to treat his injuries and sustain him for the remainder of his life which in all reasonable medical probability will be incurred in the future; and

   f) The loss of enjoyment of life, which will in all reasonable probability will continue in the future.

34. By reason of the above, Plaintiff, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff hereby seeks recovery of those elements of damage in an amount within the jurisdictional limits of this Court.

## BY-STANDER CLAIMS FOR DAMAGES FOR PLAINTIFF ISAMAR LOVO

35. As a proximate cause of Defendants' violations and the occurrence made

the basis of this suit and acts of Defendants described herein, Plaintiff, Isamar Lovo, was caused to suffer damages and have incurred the following damages:

a) The mental anguish and emotional distress suffered and sustained by Plaintiffs as a result of the incident in question up to and including the time of trial and which in all reasonable probability will be continue to be sustained in the future.

## X.
## RESERVATION OF RIGHTS

36. Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend his petition to add additional counts upon further discovery and as his investigation continues.

## XI.
## REQUEST FOR JURY TRIAL

37. Plaintiff, in accordance with Rule 38 of the Federal Rules of Civil Procedure requests a trial by jury.

## XII.
## CONDITIONS PRECEDENT

38. Pursuant to Federal Rules of Civil Procedure, all conditions precedent to Plaintiff' right to recover herein and to Defendants' liability has been performed or has occurred.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Isamar Lovo, Individually, and As Next Friend of G.L., minor, pray that Defendants, Walmart, Inc. D/B/A Sam's Wholesale Club, Sam's East, Inc. D/B/A Sam's Club, Sam's West, Inc. D/B/A Sam's Club, Sam's Real Estate Business Trust, and Coca-Cola Southwest Beverage, L.L.C., be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual, compensatory, special and exemplary damages in such an amount as the evidence may show, and the jury may determine to be proper together with pre-judgment interest, post-judgment interest, costs

of suit, and such other and further relief to which they may show themselves to be justly entitled, whether at law or in equity, by this pleading or proper amendment thereto.

           Respectfully Submitted,

           **MOORE LAW FIRM**
           4900 North 10th Street, Suite F3
           McAllen, Texas 78504
           Telephone: (956) 631-0745
           Telecopier: (866) 266-0971
           Email: lit-docket@moore-firm.com

By:  ***/s/ J. Michael Moore***
           J. Michael Moore
           Federal Bar No. 16942
           R. Nicholas Moore
           Federal Bar No. 24098134

           ***Attorneys For Plaintiffs***